**In the Matter of Alexa L. WOODS, Respondent.**

**No. 49S00–0806–DI–374.**

Supreme Court of Indiana.

Jan. 20, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on an incident on January 2, 2007, Respondent was charged with operating a vehicle while intoxicated ("OWI") and related offenses. Based on incidents on June 10, 2007, and on December 11, 2007, Respondent was charged with two counts of public intoxication. On February 27, 2008, all these cases were resolved by Respondent's guilty plea to one count of OWI, a class C misdemeanor. The remaining charges were dismissed.

Respondent has no prior discipline, she sought help from the Judges and Lawyers Assistance Program, and at the time of the incidents, she was dealing with substantial personal stress.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 120 days, all stayed subject to completion of at least 30 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of her agreement with the Judges and Lawyers Assistance Program and shall have no violations of the law or the Rules of Professional Conduct during her probation.

(2) If Respondent violates her probation, the Commission will petition to re-

voke her probation and request that the balance of the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., who dissents, believing Respondent should serve a period of active suspension.